UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-MC-00008-RGJ

**GRAHAM PACKAGING COMPANY, L.P.**                                              **PETITIONER**

**VS.**

**INDORAMA VENTURES ALPHAPET**
**HOLDINGS, INC., et al.**                                                              **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Respondent Indorama Ventures AlphaPet Holdings, Inc., Indorama Ventures Public Company Limited, and Auriga Polymers, Inc. (collectively "Auriga") has filed a motion to quash Petitioner Graham Packaging Company, L.P.'s ('Graham's") personal subpoena to Auriga employee, Frank W. Embs.[1] (DN 14). Graham has responded in opposition. (DN 21). The time for Auriga to file a reply has expired. The District Judge has referred this matter to the undersigned United States Magistrate Judge for resolution of all non-dispositive motions. (DN 12).

### I. Background

Graham has a patent infringement action pending in this District against Ring Container Technologies, LLC ("Ring"). *Graham Packaging, L.P. v. Ring Container Technologies, LLC*, No. 3:23-cv-00110-RGJ. The infringement action derives from Graham's '809 Patent for a container used in the food and beverage industry with enhanced oxygen scavenging capabilities.[2] Graham

---

[1] Auriga filed a nearly identical Motion to Quash in the underlying patent infringement action related to this subpoena action. *Graham Packaging, L.P. v. Ring Container Technologies, LLC*, No. 3:23-cv-00110-RGJ (DN 151).

[2] The full name for the '809 Patent is U.S. Patent No. 11,345,809 "*Oxygen Scavenging Compositions Requiring No Induction Period.*"

allegedly began developing the technology for this container in 2014, and the United States Patent and Trademark Office issued the '809 Patent on May 31, 2022. Graham claims that Ring is marketing and selling an oxygen scavenging container, under the name of BarrierGuard® OxygenSmart™, that infringes on the '809 Patent. Ring defends that Graham's '809 Patent is invalid because Graham's patented technology uses prior art from Auriga called "Oxyclear®," which was developed prior to the '809 patent being filed.

Both Ring and Graham served Rule 30(b)(6) subpoenas on Auriga. (DN 21-3; DN 21-4). Graham's subpoena to Auriga asked for production of thirty-five categories of documents and commanded Auriga to designate and produce a corporate representative for a deposition. (*Id.*). Following a dispute regarding Auriga's compliance with Graham's subpoena, the Court ordered Auriga to respond fully to several requests for production and produce Rule 30(b)(6) witness to testify as to the listed deposition topics. (DN 26).

While Graham and Auriga were disputing Auriga's compliance with Graham's subpoena, Ring took the Rule 30(b)(6) deposition of an Auriga employee, Frank Embs. Mr. Embs testified for a total of seven hours, including ninety-minutes of cross examination by Graham. During a break at the deposition, Graham served Mr. Embs with a personal subpoena, requiring Mr. Embs to testify at a deposition and produce documents responsive to two requests. (DN 21-5). The first document request sought all communications between Mr. Embs and Ring since March 8, 2023, including but not limited to communications regarding Graham, the '809 Patent, the underlying patent infringement case, or oxygen permeability or induction periods in PET bottles. (*Id.* at PageID # 152). The second request asked for all communications between Mr. Embs and Mark Roodvoets regarding Graham, the '809 Patent, the underlying patent infringement case, or oxygen permeability or induction periods in PET bottles. (*Id.* at PageID # 152-53).

Auriga now moves to quash Graham's personal subpoena to Mr. Embs.[3] (DN 14). Graham's personal subpoena, Auriga argues, is unduly burdensome to both Mr. Embs and Auriga and targets irrelevant or otherwise available information. (*Id.* at PageID # 14). Graham argues Auriga's motion to quash is both procedurally improper and substantively meritless. (DN 21). Procedurally, Graham argues Auriga lacks standing to quash a personal subpoena on Mr. Embs and that Auriga failed to meet and confer in good faith before filing its motion, as required by Local Rule 37.1. (DN 21, at PageID # 77-80). Auriga's motion to quash is also substantively meritless, according to Graham, because the subpoena seeks information relevant to the underlying parent infringement action and is narrowly tailored. (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 45 provides that a party may serve a subpoena on a non-party to command their appearance at a deposition or "to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." Fed. R. Civ. P. 45(a)(1)(A)(jjj). It is well established that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted); *see also SBAV, LP v. Porter Bancorp, Inc.*, No. 3:13-CV-710-TBR, 2015 WL 13567017, at *5 (W.D. Ky. July 6, 2015). The person or entity subject to a subpoena may file a motion to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a)(iv). Motions to quash are entrusted to the sound discretion of district courts. *Ellora's Cave Pub., Inc. v. Dear Author Media Network, LLC*, 308 F.R.D. 160, 161 (N.D. Ohio 2015) (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)).

---

[3] Much of Auriga's Motion discusses background regarding P.E.T. bottles and Auriga's view that Graham's '809 Patent is invalid. (DN 14, at PageID # 11-14).

III. Analysis

A. Standing

The Court first addresses Graham's standing argument. Graham asserts Auriga has no standing to challenge a personal subpoena on Mr. Embs. Graham relies on several district court cases from within the Sixth Circuit that hold "a party has no standing to challenge a subpoena to a nonparty" and that "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." (DN 21, at PageID # 77-78 (quoting *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 WL 3094031, at *3 (W.D. Ky. June 1, 2016) (quoting *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio Mar. 2, 2002)))). However, Graham also cites to cases recognizing that an exception exists to the standing rule "where the party seeking to quash claims a 'personal right or privilege with regard to the documents sought.'" (*Id.* (quoting *Schaumleffel v. Muskingum Univ.*, No. 2:17-CV-463, 2019 WL 3071851, at *2 (S.D. Ohio July 15, 2019) (quoting *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)))).

These cases are distinguishable from the circumstances here. For instance, in *Pogue*, the plaintiff challenged a subpoena issued to a non-party on grounds that the subpoena infringed upon the plaintiff's legitimate interests in the litigation. 2016 WL 3094031, at *3. Or take *Schaumleffel*, where the plaintiff challenged a subpoena issued by one defendant to another defendant, arguing the information sought would not lead to discovery of information relevant to the requesting defendant's counterclaims. 2019 WL 3071851, at *3. The entity challenging Mr. Embs' personal subpoena, Auriga, is not a party to the underlying patent litigation. Rather, Auriga is Mr. Embs' employer. None of the cases cited by Graham address whether a non-party employer has standing to challenge a personal subpoena served on its non-party employee. Nor has the Court

4

independently located any cases addressing this specific issue.

However, the Court finds the personal-right-or-privilege exception remains applicable under these circumstances. To provide further context, courts have applied this exception where an entity other than the person or entity named in the subpoena "has a personal right or privilege with respect to the subject matter requested in the subpoena." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003). Another district court found that a party had standing to quash a Rule 30(b)(1) subpoena when the subpoenaed individual was employed by the party and the individual possessed the information "as a result of his employment." *In Re Subpoena to Narendran*, No. 20-mc-213-JAR-TJJ, 2021 WL 168765, at *3 (D. Kan. Jan. 19, 2021).

Though Graham attempts to masquerade its request as a "personal" subpoena, Mr. Embs' possession of communications with Ring since March 8, 2023, including communications regarding Graham, the '809 Patent, the underlying patent infringement case, and oxygen permeability or induction periods in PET bottles, result from his employment at Auriga. The same is true for Mr. Embs' communications with Mr. Roodvoets, a now-deceased former Auriga employee. Additionally, Mr. Embs is still actively employed at Auriga. Auriga, therefore, has a personal right in the information Graham sought from Mr. Embs in the subpoena, giving Auriga standing to object to its issuance.

### B. Local Rule 37.1

Graham also argues Auriga's Motion to Quash is procedurally improper because Auriga violated Local Rule 37.1 by failing to meet and confer or offer to compromise before filing the Motion. (DN 21, at PageID # 79-80). Graham submits that had Auriga attempted to confer, Graham may have agreed to limit Mr. Embs in his corporate capacity and personal capacity to a total of seven hours in one deposition. (*Id.* at PageID # 80, n. 3, 83).

Joint Local Rule 37.1 requires that counsel must "make a good faith effort to resolve extrajudicially any dispute relating to discovery" before filing a discovery motion. LR 37.1. Without certification of such efforts, the Court will not entertain discovery motions. *Id.* This meet-and-confer requirement originates from Federal Rule of Civil Procedure 37, which likewise requires a party moving to compel disclosure or discovery to certify it conferred in good faith with the person or party making the disclosure of discovery before seeking court intervention. Fed. R. Civ. P. 37(a)(1). Rule 45, on the other hand, contains no explicit requirement that a meet and confer occur before a motion to quash or objection to subpoena is filed. Some courts, however, have determined that parties should attempt to meet and confer before filing a motion to quash a subpoena. *See Babcock Power, Inc. v. Kapsalis*, 3:13-CV-717-CRS-CHL, 2017 WL 2837019, at *26 (W.D. Ky. June 30, 2017).

Once again, the distinction here is that the objecting entity, Auriga, is a non-party. Neither Local Rule 37.1, nor the Scheduling Order in this case, contemplates an obligation to meet and confer on anyone other than parties to a case. *See N. Harris Computer Corp. v. DSI Investments, LLC*, No. 1:19-CV-00142-GNS-HBB, 2020 WL 6066172, at *6 (W.D. Ky. Oct. 14, 2020) (declining to impose sanctions for a non-party's failure to comply with LR 37.1 before filing a motion to quash or modify subpoena). While Graham and Auriga meeting and conferring before motion practice could potentially have resolved the issue, the Court will not deny Auriga's Motion on these grounds.

### C. Undue Burden

Auriga argues Graham's subpoena is unduly burdensome because Graham has already cross-examined Mr. Embs for ninety minutes during Ring's Rule 30(b)(6) deposition and will have further opportunity to examine Mr. Embs during Graham's forthcoming Rule 30(b)(6) deposition.

(DN 14, at PageID # 15). A personal deposition of Mr. Embs, Auriga continues, could ultimately lead to a 21-hour on-the-record commitment for Auriga, a non-party, who claims to have no intellectual property interest relevant to Graham's underlying claims against Ring. (*Id*. at PageID # 15-16). Auriga further asserts that Graham has failed to prove that Mr. Embs had any personal correspondence with Ring following Graham's filing of the patent infringement action that is relevant to its claims. (*Id.* at PageID # 14-15).

Graham responds that the subpoena seeks relevant information to the patent-infringement case because it believes Auriga is allied with Ring in trying to invalidate Graham's '809 patent. (DN 21, at PageID # 76, 81). Graham relies on excerpts of Mr. Embs' testimony during Ring's Rule 30(b)(6) deposition to argue that: Mr. Embs is not a disinterested third party; that Mr. Embs and Mr. Roodvoets were confidants; and that Graham's success in the underlying action could impact Auriga's sales. (*See* DN 22-1). Graham classifies its need for the requested information as "obvious" and maintains that Mr. Embs' personal communications on the subjects can only come from Mr. Embs, not from Auriga. (DN 21, at PageID # 82). Finally, Graham argues Auriga largely fails to address the undue burden requirement and instead improperly argues the merits of Graham's patent infringement claims. (*Id.* at PageID # 82-83).

The Court must quash or modify a subpoena, pursuant to Rule 45, where the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). What constitutes an undue burden is assessed on a case-by-case basis. *In re: Mod Plastics Corp.*, 890 F.3d 244, 250-51 (6th Cir. 2018). Factors courts consider include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Id.* (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (add'l citation omitted)). The key is balancing "the

need for discovery against the burden imposed on the person ordered to produce documents," and the status of the person as a non-party is a factor. *Id.*; *see also Cahoo v. SAS Institute, Inc.*, 377 F. Supp.3d 769, 775 (E.D. Mich. 2019); *In re Modern Plastics Corp.*, 577 B.R. 690, 702-03 (W.D. Mich. 2017) ("Rule 45 reflects a concern to protect recipients of subpoenas from undue burden or expense, particularly recipients who are not parties to the underlying litigation.").

Agreeing with Auriga, the Court finds Graham's personal subpoena to Mr. Embs is unduly burdensome for several reasons. First, as has been noted throughout this Opinion, Auriga and Mr. Embs are not parties in the underlying litigation, which entitles them to more protection from burdensome subpoenas.

Moreover, Graham's first document request in the subpoena seeks all of Mr. Embs' communications with Ring since March 8, 2023. Rule 45(d)(1) requires that a party issuing a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Graham had the ability and duty, pursuant to Rule 45(d)(1), to first seek these communications directly from Ring, the party Graham has sued for patent-infringement. Seeking this information from Mr. Embs/Auriga inappropriately shifts the burden of production and cost to a non-party.

Additionally, the relevancy of Graham's requests to the underlying infringement action is questionable. While Graham believes that Ring and Auriga are conspiring to invalidate the '809 patent, the testimony from Mr. Embs' Rule 30(b)(6) deposition that Graham provides does not reveal collusive activity. If anything, the testimony indicates that Auriga has business relationships with both Graham and Ring, which the Parties are already aware of and has been identified as a topic for Mr. Embs' Rule 30(b)(6) deposition. (*See* DN 21-4, at PageID # 134). Graham's unsupported attempt to delve into Mr. Embs' personal communications on these topics, if such

communications even exist, goes beyond the scope of the underlying infringement action.

Nor has Graham demonstrated relevance of his second document request for communications with Mr. Roodvoets, a now-deceased former Auriga employee. Graham does not produce any evidence that Mr. Embs personally communicated, as opposed to communicating as an agent of Auriga, with Mr. Roodvoets. Graham also fails to substantiate its bare accusation that Mr. Roodvoets was Mr. Embs "confidant." Yet even if Graham could prove the two were "confidants," the evidence presented does not convince the Court that Mr. Embs and Mr. Roodvoets' communications would bear on the claims and defenses in the patent infringement case. Review of the topics listed in Graham's Rule 30(b)(6) notice to Auriga reveals that Graham can further probe about Mr. Embs' relationship with Mr. Roodvoets and Mr. Embs' interest in the outcome of the underlying litigation during that deposition.[4]

For these reasons, the Court finds that Graham's personal subpoena to Mr. Embs should be quashed as it presents an undue burden and cost on a non-party.

## IV. Order

**IT IS THEREFORE ORDERED** that Auriga's Motion to Quash Graham's Subpoena to Auriga Employee Frank M. Embs (DN 14) is **GRANTED.**[5]  Mr. Embs is relieved of his obligations in responding to Graham's personal subpoena.

Copies:        Counsel of Record

---

[4] The Court has previously found that Auriga had to produce a Rule 30(b)(6) witness for all topics listed in the deposition notice. (DN 26).
[5] This Opinion and Order hereby moots Auriga's identical Motion to Quash in the underlying patent litigation, DN 151, 3:23-cv-00110-RGJ.