UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GRAHAM PACKAGING COMPANY, L.P.                                              Petitioner

v.                                                                                    Case No. 3:24-mc-8-RGJ-RSE

INDORAMA VENTURES ALPHAPET
HOLDINGS, INC., *et al.*                                                        Respondents

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Respondents Indorama Ventures Alphapet Holdings, Inc., Indorama Ventures PCL, and Auriga Polymers, Inc. (collectively "Auriga") object [DE 28] to the Magistrate Judge's non-dispositive order [DE 26] granting the motion to compel [DE 1] of petitioner Graham Packaging Company, L.P. ("Graham"). Auriga also moves to stay [DE 29] the approaching deadline to comply with the Magistrate Judge's order. For the following reasons, Auriga's objection [DE 28] is **OVERRULED**. Graham's motion for leave [DE 31] to respond to Auriga's objection is **DENIED as moot**.[1] Auriga's motion to stay [DE 29] is **DENIED as moot**. However, in consideration of the time for which Auriga's objection was outstanding, Auriga's time to comply with the Magistrate Judge's order is **EXTENDED** to **December 2, 2024**.

### I. BACKGROUND

This miscellaneous case relates to patent litigation, also pending in this Court, in which Graham claims that Ring Container Technologies, LLC ("Ring") has infringed Graham's patent for a container used in the food and beverage industry. Complaint, *Graham Packaging, L.P. v. Ring Container Technologies, LLC*, No. 3:23-cv-110-RGJ-RSE (Mar. 8, 2023), ECF No. 1. Ring

---

[1] "Unless directed by the Court, no party may file any response to a written objection" to a magistrate judge's non-dispositive order. LR 72.2. The Court did not direct Graham to respond, and because Auriga's objection is overruled, Graham's motion [DE 31] is denied as moot.

argues, among other things, that Graham's patent is invalid because certain Auriga products constitute "prior art" under 35 U.S.C. 102(a). *See* First Amended Answer and Counterclaims, *Graham Packaging, L.P.*, No. 3:23-cv-110-RGJ-RSE (Feb. 15, 2024), ECF No. 74.

Soon after Ring made its counterclaim implicating Auriga's products, Graham served Auriga with the nonparty subpoena at issue here. [*See* DE 2-1]. The subpoena commanded compliance in North Carolina, where Auriga is headquartered. [*See id.*]. It is undisputed that Auriga conferred with Graham about the subpoena and produced some materials in response. [*See* DE 2 at 11–12]. However, Auriga's compliance ultimately stopped short of what Graham considered sufficient. [*Id.* at 12–13]. Four months after serving its subpoena, Graham moved to compel additional discovery in the Western District of North Carolina. [DE 1]. Upon Auriga's and Graham's agreement, that court transferred the matter here. [DE 9]. Auriga responded [DE 13] to Graham's motion and Graham replied [DE 19].

This case has been referred to the Magistrate Judge "for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues." [DE 12]. *See* 28 U.S.C. § 636(b)(1)(A).

In support of its motion to compel, Graham argued that Auriga "waived any right to object to Graham's subpoena" by failing to serve timely objections under Rule 45. [DE 2 at 16]. The Magistrate Judge found that because "Auriga's response brief d[id] not specifically address Graham's waiver arguments . . . Auriga essentially waived any opposition to it." [DE 26 at 212]. The Magistrate Judge further found no "proof of unusual circumstances to excuse Auriga's untimely objections." [*Id.* at 212–13]. Accordingly, the Magistrate Judge granted Graham's motion. [*Id.* at 215]. But in light of "the significant additional time and expense Auriga would have to expend if required to produce all responsive documents," the Magistrate Judge also curtailed

Graham's requests, holding Auriga would not be required to produce documents responsive to Request Nos. 12, 22, and 23 and that those requests are better directed at Ring in the underlying case. [*Id.* at 214]. Ultimately, the Magistrate Judge ordered Auriga "to provide Graham with documents responsive to Request Nos. 4, 6–9, 13, 15, 19, 20, 24, 30, and 31 and to identify Rule 30(b)(6) witnesses that can testify as to the listed deposition topics." [*Id.* at 215]. Auriga seeks one modification to the Magistrate Judge's order; specifically, that that document production be limited to documents "created prior to November 7, 2024." [DE 28 at 261].[2] Auriga's objection [DE 28] to the Magistrate Judge's order is timely. *See* Fed. R. Civ. P. 72(a).

## II. STANDARD

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed under the contrary to law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

---

[2] While Auriga makes some additional arguments addressed below that go to the Magistrate Judge's order more generally, Auriga does not make clear what relief it is seeking as to these arguments and its proposed order [DE 28-1] only seeks to modify the Magistrate Judge's order by adding the "November 7, 2024" date limitation to the ordered document production.

3

## III. ANALYSIS

As noted above, Auriga's objection requests its document production be limited to documents "that were created prior to November 7, 2014," "the effective filing date" of Graham's patent. [DE 28 at 261–62 (emphasis removed)]. Auriga argues that "only documents . . . that predate November 7, 2014, are relevant to the underlying patent infringement case," as products sold thereafter cannot be "prior art" under Ring's invalidity defense. [*Id.* at 263]. In its response opposing Graham's motion to compel, Auriga did assert that it has produced "documents . . . dated November 2014 and earlier that are relevant to the prior art analysis." [DE 13 at 5]. However, Auriga's response brief did not argue that documents postdating November 7, 2014, were irrelevant. Thus, the Magistrate Judge did not have the opportunity to address Auriga's new relevance argument. "New arguments . . . cannot properly be raised for the first time in objections to a magistrate [judge]'s discovery order . . . ." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 404 (S.D.N.Y. 2020) (cleaned up). "[A]n issue not actually presented to a magistrate judge is forfeited." *AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019); *see also Austin v. Stapleton*, 628 F. Supp. 3d 702, 706 (E.D. Mich. 2022); *Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003). Because Auriga has forfeited this argument, the Court will not consider it further.

Auriga objects to the Magistrate Judge's "application of the test from *Hartford Casualty*" and argues for the first time that "unusual circumstances and good cause exist to modify Graham's subpoena." [DE 28 at 262, 265 (reformatted)]. Courts sometimes find that "unusual circumstances" and "good cause" excuse a nonparty's failure to make timely written objections to a Rule 45 subpoena. *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999); *Hartford Casualty Ins. v. Calcot, Ltd.*, No. 2:07-cv-2405-BBD-DKV, 2009 WL 10699695, at *4 (W.D. Tenn. Apr. 7, 2009). Here, the Magistrate Judge "[did ]not find proof of unusual circumstances to

4

excuse Auriga's untimely objections." [DE 26 at 212–13]. As with its other argument, Auriga did not present this issue to the Magistrate Judge; only Graham addressed whether "unusual circumstances" existed here. [*Compare* DE 13, *with* DE 19 at 32]. Thus, Auriga forfeited this argument which is newly raised in its objection. *AES-Apex Emp. Servs.*, 924 F.3d at 867; *Keurig Green Mountain Single-Serve Coffee*, 336 F.R.D. at 404. Nonetheless, the Court finds that the Magistrate Judge's analysis on this point [DE 26 at 211–13] was neither "clearly erroneous" nor "contrary to law." *See* Fed. R. Civ. P. 72(a).

Auriga also claims for the first time that Graham's subpoena imposes an "undue burden." [DE 28 at 266]. Auriga argues that Graham "chose to delay" its subpoena and is "simply . . . fishing" for "indirect infringement claims against Auriga and/or additional direct infringement claims against Auriga's customers." [*Id.* at 265–66]. As before, Auriga did not present this issue to the Magistrate Judge; Graham noted as much in its reply. [*Compare* DE 13, *with* DE 19 at 36]. Auriga forfeited this issue as well, and the Court will not consider it further. *AES-Apex Emp. Servs.*, 924 F.3d at 867; *Keurig Green Mountain Single-Serve Coffee*, 336 F.R.D. at 404.

Finally, Auriga argues for the first time that "[w]aiver is inappropriate for a non-party under the circumstances present here." [DE 28 at 267]. Yet the objection *still* offers nothing to explain why Auriga served no timely objections to Graham's subpoena under Rule 45. Of course, that failure—and Auriga's subsequent failure to brief the issue—were the primary reasons for the Magistrate Judge's decision:

> . . . Auriga had until April 26, 2024 to serve written objections to Graham. Auriga did not serve any written objections by that date. . . . Any indecision as to whether Auriga would be submitting late objections seemed to be resolved by Auriga's production of documents to Graham on August 5, 2024, which explicitly stated that "Auriga makes no objection to any document request." Three weeks later, however, Auriga attempted to reverse course. . . . Auriga's objections came four months after the objection period expired.

5

> . . . Auriga's response brief does not specifically address Graham's waiver arguments. . . . By failing to address Graham's waiver claim, Auriga essentially waived any opposition to it.

[DE 26 at 211–12 (internal footnote and citations omitted)]. Auriga's discussion of Graham's motion to compel and what happened after [*see* DE 28 at 267] misses the point. To the extent Auriga *has* finally addressed Graham's waiver argument, it is too late. "New arguments . . . cannot properly be raised for the first time in objections to a magistrate [judge]'s discovery order . . . ." *Keurig Green Mountain Single-Serve Coffee*, 336 F.R.D. at 404 (cleaned up). Because Auriga did not present this issue to the Magistrate Judge, Auriga has forfeited any opposition to Graham's waiver argument. *AES-Apex Emp. Servs.*, 924 F.3d at 867. The Court will not reopen the issue.

The Court has reviewed the record and finds that the Magistrate Judge's order was not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

## IV. CONCLUSION

For these reasons, Auriga's objection [DE 28] to the Magistrate Judge's non-dispositive order [DE 26] is **OVERRULED**. Graham's motion for leave to respond [DE 31] is **DENIED as moot**. Auriga's motion to stay [DE 29] is **DENIED as moot**. Auriga **SHALL** comply with the Magistrate Judge's order by **December 2, 2024**.

November 14, 2024

Rebecca Grady Jennings, District Judge
United States District Court

6